**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| COREBRIDGE INSTITUTIONAL INVESTMENTS (U.S.), LLC *f/k/a* AIG ASSET MANAGEMENT (U.S.), LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY C. AYOUB *a/k/a* GERALD C. AYOUB, an individual,<br><br>Defendant. | Case No. ________________ |

**COMPLAINT**

Plaintiff Corebridge Institutional Investments (U.S.), LLC *f/k/a* AIG Asset Management (U.S.), LLC ("Plaintiff" or "Administrative Agent") files this Complaint in a straight-forward action for breach of contract and declaratory judgment to collect on commercial loans guaranteed by Defendant Jerry C. Ayoub *a/k/a* Gerald C. Ayoub ("Defendant" or "Guarantor").

**PARTIES**

1. Plaintiff, a Delaware limited liability company with its principal place of business in New Jersey, is engaged in the business of asset management. Plaintiff is a citizen of Delaware and New Jersey.

2. Defendant, an individual domiciled and residing in Arizona, is a real estate developer and guarantor of the commercial loans at issue. Defendant is a citizen of Arizona.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete

diversity among the parties. Plaintiff is a Delaware limited liability company with its principal place of business in New Jersey, and Plaintiff is wholly owned by a Delaware corporation also with a principal place of business in New Jersey; and Defendant is a citizen of Arizona. This Court also has declaratory judgment jurisdiction pursuant to 28 U.S.C. § 2201.

4. This Court has personal jurisdiction over Defendant and venue is proper in the Southern District of Texas, Houston Division under 28 U.S.C. § 1391 because Defendant agreed under Section 8 of the Guaranty Agreements (defined below) that "[a]ny legal suit, action or proceeding against Lender, Administrative Agent or Guarantor arising out of or relating to" the Guaranty Agreements "shall be instituted in any federal or state court located in or serving the Harris County, in the State of Texas," and Defendant further agreed to "irrevocably submit[] to the jurisdiction of" courts in Harris County and waive "any objections" to venue.

## BACKGROUND AND FACTS

### *The Alameda Loan*

5. Corebridge Loan No. 8002985 (the "**Alameda Loan**") was originated on December 27, 2023 in the original principal amount of $77,000,000.00.

6. The Alameda Loan is evidenced by a Loan Agreement dated December 27, 2023 (the "**Alameda Loan Agreement**")[1] between F-STAR Socorro Holding Co., LLC (the "**Alameda Borrower**"), American General Life Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA., and SV 2022-1 Commercial Mortgage Holdings Company, LLC (collectively, the "**Lenders**"), and Plaintiff.

[1] **Exhibit 1**.

***The Joe Battle Loan***

7. Corebridge Loan No. 8002986 (the "**Joe Battle Loan**") (collectively, with the Alameda Loan, the "**Loans**") was originated on December 27, 2023 in the original principal amount of $41,800,000.00.

8. The Joe Battle Loan is evidenced by a Loan Agreement dated December 27, 2023 (the "**Joe Battle Loan Agreement**")[2] (collectively, with the Alameda Loan Agreement, the "**Loan Agreements**") between 5 Star Tech I, L.P., 5 Star Tech II-1, LP and 5 Star Tech II-4, LP (collectively, the "**Joe Battle Borrowers**," and collectively with the Alameda Borrower, the "**Borrowers**"), Lenders, and Plaintiff.

***The Guaranty Agreements and Recourse***

9. Effective December 27, 2023, Defendant entered a Guaranty Agreement (Recourse) in respect of each Loan Agreement (individually, the "**Alameda Guaranty Agreement**"[3] and "**Joe Battle Guaranty Agreement**,"[4] and collectively, the "**Guaranty Agreements**").

10. Under the Guaranty Agreements, Defendant made a guaranty in favor of Plaintiff, as Administrative Agent for the Lenders, with respect to the Loans and Loan Agreements.

11. Specifically, under Section 1 of the Guaranty Agreements, Defendant "guarantee[d], and bec[a]me a surety for, absolutely, primarily, unconditionally and irrevocably, the full and prompt payment and performance of all obligations of Borrower[s] under the

---

[2] **Exhibit 2**.
[3] **Exhibit 3**.
[4] **Exhibit 4**.

exceptions to the non-recourse provisions described in Article 12 of the Loan Agreement[s] for which Borrower[s] ha[ve] or may incur personal liability to Administrative Agent and/or Lender."

12. Section 12.1 of the Loan Agreements provides that matters in Section 12.3 "shall be fully recourse to Borrower[s] and Guarantor."

13. Section 12.3 of the Loan Agreements provide that the "Guarantor shall be personally liable for the repayment of the Secured Obligations in the event . . . (iv) that (a) Borrower[s] file[] a voluntary petition under the Bankruptcy Code."

***Acceleration***

14. Under Section 13.1 of the Loan Agreements, Lenders agreed to irrevocably authorize Plaintiff to "act as agent for Lender with full power and authority to collect and administer" the Loans.

15. In letters dated March 6, 2025, April 7, 2025, April 28, 2025, July 25, 2025 and August 28, 2025, Plaintiff informed Defendant that multiple Events of Default existed under the Loan Agreements.

16. Under Section 10.1 of the Loan Agreements, provide that "Lender may exercise any remedy not prohibited at law, in equity or otherwise," including remedies under Section 10.2.3 of the Loan Agreements, "[i]mmediately upon or any time and from time to time after the occurrence and during the continuation of any Event of Default."

17. Section 10.2.3 of the Loan Agreements provide that "Lender may, without notice or demand, declare all of the Secured Obligations immediately due and payable in full."

18. On November 3, 2025, Plaintiff exercised, as Administrative Agent acting on behalf of the Lenders, acceleration rights under Section 10.2.3 of the Loan Agreements and

accelerated the Loans such that all Secured Obligations became immediately due and payable by Defendant as Guarantor.[5]

***Borrowers' Voluntary Petitions for Bankruptcy***

19. On November 4, 2025, the Alameda Borrower filed a voluntary petition for bankruptcy under Chapter 11 in the United States District Court for the Southern District of Texas (Case No. 25-90630).[6]

20. On November 4, 2025, the Joe Battle Borrowers filed voluntary petitions for bankruptcy under Chapter 11 in the United States District Court for the Southern District of Texas in Case No. 25-90626 (5 Star Tech I, L.P.),[7] Case No. 25-90627 (5 Star Tech II-1, LP),[8] and Case No. 25-90628 (5 Star Tech II-4, LP).[9]

## CAUSES OF ACTION

### *COUNT 1*
### *Breach of Contract – Alameda Loan*

21. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

22. Plaintiff asserts a claim against Defendant for breach of contract.

23. The Alameda Loan Agreement and Alameda Guaranty Agreement are valid and enforceable agreements.

24. Plaintiff fully performed its obligations under these agreements.

25. By failing to pay the Secured Obligations upon acceleration, Defendant materially breached his obligations under these agreements.

[5] **Exhibit 5**; **Exhibit 6**.
[6] **Exhibit 7**.
[7] **Exhibit 8**.
[8] **Exhibit 9**.
[9] **Exhibit 10**.

26. As a result of Defendant's material breach, Plaintiff has suffered damages.

27. Plaintiff seeks to recover its actual, direct, and consequential damages, pre-judgment and post-judgment interest, costs, and attorneys' fees pursuant to applicable law and Section 13 of the Guaranty Agreements, which entitle Plaintiff to recover "without limitation, all attorneys' fees incurred" to enforce the Guaranty Agreements.

***COUNT 2***
***Declaratory Judgment – Alameda Loan***

28. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

29. An actual bona fide dispute exists among the parties concerning the rights and obligations of the parties under the Alameda Loan Agreement and Alameda Guaranty Agreement.

30. A declaratory judgment setting forth the respective rights and remedies of the parties on these issues is necessary to resolve this controversy.

31. Plaintiff seeks from the Court, under the Declaratory Judgment Act, 28 U.S.C. § 2201, declarations that Plaintiff is entitled to immediate payment of the Secured Obligations by Defendant pursuant to the terms of the Alameda Loan Agreement and Alameda Guaranty Agreement.

32. Plaintiff further requests the Court award Plaintiff its costs and attorneys' fees pursuant to applicable law and Section 13 of the Guaranty Agreements, which entitle Plaintiff to recover "without limitation, all attorneys' fees incurred" to enforce the Guaranty Agreements.

***COUNT 3***
***Breach of Contract – Joe Battle Loan***

33. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

34. Plaintiff asserts a claim against Defendant for breach of contract.

35. The Joe Battle Loan Agreement and Joe Battle Guaranty Agreement are valid and enforceable agreements.

36. Plaintiff fully performed its obligations under these agreements.

37. By failing to pay the Secured Obligations upon acceleration, Defendant materially breached his obligations under these agreements.

38. As a result of Defendant's material breach, Plaintiff has suffered damages.

39. Plaintiff seeks to recover its actual, direct, and consequential damages, pre-judgment and post-judgment interest, costs, and attorneys' fees pursuant to applicable law and Section 13 of the Guaranty Agreements, which entitle Plaintiff to recover "without limitation, all attorneys' fees incurred" to enforce the Guaranty Agreements.

***COUNT 4***
***Declaratory Judgment – Joe Battle Loan***

40. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

41. An actual bona fide dispute exists among the parties concerning the rights and obligations of the parties under the Joe Battle Loan Agreement and Joe Battle Guaranty Agreement.

42. A declaratory judgment setting forth the respective rights and remedies of the parties on these issues is necessary to resolve this controversy.

43. Plaintiff seeks from the Court, under the Declaratory Judgment Act, 28 U.S.C. § 2201, declarations that Plaintiff is entitled to immediate payment of the Secured Obligations by Defendant pursuant to the terms of the Joe Battle Loan Agreement and Joe Battle Guaranty Agreement.

44. Plaintiff further requests the Court award Plaintiff its costs and attorneys' fees pursuant to applicable law and Section 13 of the Guaranty Agreements, which entitle Plaintiff to recover "without limitation, all attorneys' fees incurred" to enforce the Guaranty Agreements.

## **PRAYER**

45. Plaintiff Corebridge Institutional Investments (U.S.), LLC *f/k/a* AIG Asset Management (U.S.), LLC ("Plaintiff") respectfully prays that the Court enter judgment as follows:

**a.** that Defendant takes nothing in this suit;

**b.** that Defendant be denied all relief as prayed for against Plaintiff;

**c.** that the Court grant judgment in Plaintiff's favor;

**d.** Plaintiff be awarded actual, direct, and consequential damages allowed by law;

**e.** Plaintiff be awarded pre-judgment and post-judgment interest at the maximum rate allowed;

**f.** Plaintiff recovers its attorneys' fees and costs expended in this lawsuit;

**g.** Plaintiff be awarded a declaratory judgment that Plaintiff is entitled to immediate payment of the Secured Obligations by Defendant pursuant to the terms of the Loan Agreements and Guaranty Agreements; and

**h.** Plaintiff be granted all other relief to which Plaintiff is entitled.

Dated: January 5, 2026

Respectfully submitted,

*/s/ Nicole Bronnimann*
Nicole Bronnimann
*Attorney-in-charge*
Texas Bar No. 24109661
Southern District No. 3484321
**KING & SPALDING LLP**
1100 Louisiana Street, Suite 4100
Houston, TX 77002-5213
Telephone: (713) 751-3200
Facsimile: (512) 457-3290
Email: nbronnimann@kslaw.com

*Of Counsel*:
Jennifer S. Recine*
David H. Kupfer*
**KING & SPALDING LLP**
1290 Avenue of the Americas, 14th Floor
New York, NY 10104
Telephone: (212) 556-2100
Email: jrecine@kslaw.com
Email: dkupfer@kslaw.com

* Motion for *Pro Hac Vice* Admission Forthcoming

*Attorneys for Plaintiff Corebridge Institutional Investments (U.S.), LLC f/k/a AIG Asset Management (U.S.), LLC*