**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **COREBRIDGE INSTITUTIONAL INVESTMENTS (U.S.), LLC *f/k/a* AIG ASSET MANAGEMENT (U.S.) LLC,** | § | |
| ***Plaintiff*,** | § | |
| **v.** | § | **Case No. 4:26-cv-00046** |
| **JERRY C. AYOUB *a/k/a* GERALD C. AYOUB, an individual,** | § | |
| ***Defendant*.** | § | |

**DEFENDANT JERRY C. AYOUB'S**
**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

Defendant JERRY C. AYOUB *a/k/a* GERALD C. AYOUB ("*Defendant*") files this First Amended Answer and Affirmative Defenses to Plaintiff's Original Complaint, as follows:

## I.
## Answer

## PARTIES

1. Defendant lacks knowledge or information sufficient to admit or deny allegations contained in Paragraph 1 of the Original Complaint.

2. Defendant admits that he is a real estate developer and guarantor of the commercial loans at issue. Defendant denies that he is a resident, domiciliary, or citizen of Arizona.

## JURISDICTION AND VENUE

3. Defendant denies that he is a citizen of Arizona. Defendant lacks knowledge or information as to the other allegations contained in Paragraph 3 of the Original Complaint.

4. Paragraph 4 of the Original Complaint sets out legal arguments and legal conclusions which require no response.

## BACKGROUND FACTS

### *The Alameda Loan*

5. Defendant admits the allegations contained in Paragraph 5 of the Original Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Original Complaint.

### *The Joe Battle Loan*

7. Defendant admits the allegations contained in Paragraph 7 of the Original Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Original Complaint.

### *The Guaranty Agreements and Recourse*

9. Defendant admits the allegations contained in Paragraph 9 of the Original Complaint.

10. In response to Paragraph 9 of the Original Complaint, Defendant admits signing Guaranties in favor of AIG Asset Management (U.S.), LLC. Whether AIG Asset Management is the Plaintiff has not been confirmed by any records provided to Defendant by Plaintiff.

11. Defendant admits that Plaintiff has correctly quoted from Section 1 of the Guaranties in Paragraph 11 of the Original Complaint.

12. Defendant admits that Plaintiff has correctly quoted from Section 12.1 of the Loan Agreements in Paragraph 12 of the Original Complaint.

13. Defendant admits that Plaintiff has correctly quoted from Section 12.3 of the Loan Agreements in Paragraph 13 of the Original Complaint.

***Acceleration***

14. Defendant admits that Plaintiff has correctly quoted from Section 13.1 of the Loan Agreements in Paragraph 14 of the Original Complaint.

15. In response to Paragraph 15 of the Original Complaint, Defendant admits that Plaintiff issued letters dated March 6, 2025, April 7, 2025, April 28, 2025, July 25, 2025, and August 28, 2025. Defendant denies that the alleged defaults existed or continued without cure or resolution.

16. In response to Paragraph 16 of the Original Complaint, Defendant denies that Plaintiff has correctly quoted from Section 10.1 of the Loan Agreements.

17. In response to Paragraph 17 of the Original Complaint, Defendant admits that Plaintiff has correctly quoted from Section 10.2.3 of the Loan Agreements. Defendant denies that Plaintiff was entitled to accelerate.

18. In response to Paragraph 18 of the Original Complaint, Defendant admits that Plaintiff purported to exercise acceleration rights. Defendant denies that Plaintiff was entitled to accelerate.

***Borrowers' Voluntary Petitions for Bankruptcy***

19. Defendant admits the allegations contained in Paragraph 19 of the Original Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Original Complaint.

## CAUSES OF ACTION

### *COUNT 1*
### ***Breach of Contract – Alameda Loan***

21. In response to Paragraph 21 of the Original Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 20 of this Original Answer as if fully set forth herein.

22. In response to Paragraph 22 of the Original Complaint, Defendant admits that Plaintiff purports to assert a claim against Defendant for breach of contract. Defendant denies that Plaintiff is entitled to recover from Defendant upon such a claim.

23. The allegations contained in Paragraph 23 of the Original Complaint contain legal conclusions and/or arguments for which no response is required.

24. Defendant denies the allegations of Paragraph 24 of the Original Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Original Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Original Complaint.

27. Paragraph 27 of the Original Complaint includes a request for relief, a legal conclusion, and legal argument. Defendant is not required to respond. Defendant, nevertheless, denies that Plaintiff is entitled to the relief Plaintiff seeks.

### *COUNT 2*
### ***Declaratory Judgment – Alameda Loan***

28. In response to Paragraph 28 of the Original Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 27 of this Original Answer as if fully set forth herein.

29. Defendant admits the allegations of Paragraph 29 of the Complaint.

30. Paragraph 30 of the Original Complaint sets forth legal conclusions and/or legal arguments for which no response is required.

31. Paragraph 31 of the Original Complaint includes a request for relief. Defendant is not required to respond. Defendant, nevertheless, denies that Plaintiff is entitled to the declaration Plaintiff seeks and denies that Plaintiff is entitled to the immediate payment requested.

32. Paragraph 32 of the Original Complaint includes a request for relief. Defendant is not required to respond. Defendant, nevertheless, denies that Plaintiff is entitled to the award Plaintiff seeks.

***COUNT 3***
***Breach of Contract – Joe Battle Loan***

33. In response to Paragraph 28 of the Original Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 32 of this Original Answer as if fully set forth herein.

34. In response to Paragraph 34 of the Original Complaint, Defendant admits that Plaintiff purports to assert a claim against Defendant for breach of contract. Defendant denies that Plaintiff is entitled to recover from Defendant upon such a claim.

35. The allegations contained in Paragraph 35 of the Original Complaint contain legal conclusions and/or arguments to which no response is required.

36. Defendant denies the allegations of Paragraph 36 of the Original Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Original Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Original Complaint.

39. Paragraph 39 of the Original Complaint includes a request for relief, a legal conclusion, and legal argument. Defendant is not required to respond. Defendant, nevertheless, denies that Plaintiff is entitled to the relief Plaintiff seeks.

***COUNT 4***
***Declaratory Judgment – Joe Battle Loan***

40. In response to Paragraph 40 of the Original Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 39 of this Original Answer as if fully set forth herein.

41. Defendant admits the allegations of Paragraph 41 of the Complaint.

42. Paragraph 42 of the Original Complaint sets forth legal conclusions and/or legal arguments for which no response is required.

43. Paragraph 43 of the Original Complaint includes a request for relief. Defendant is not required to respond. Defendant, nevertheless, denies that Plaintiff is entitled to the declaration Plaintiff seeks and denies that Plaintiff is entitled to the immediate payment requested.

44. Paragraph 44 of the Original Complaint includes a request for relief. Defendant is not required to respond. Defendant, nevertheless, denies that Plaintiff is entitled to the award Plaintiff seeks.

## II.
## DEFENSES AND AFFIRMATIVE DEFENSES

45. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the following defenses, affirmative defenses, and/or theories of avoidance, which singly or in combination, bar or limit Plaintiff's right to recover, in whole or in part, the damages and/or relief Plaintiff seeks. Defendant reserves the right to assert additional defenses that may become

available or apparent as the facts and proceedings in this action develop. Accordingly, Defendant asserts the following defenses and affirmative defenses.

46. Plaintiff has failed to join necessary parties, namely the Lenders.

47. Plaintiff fails to allege facts sufficient to state claims upon which relief may be granted.

48. Plaintiff has not asserted a balance allegedly due. Defendant reserves the right to contest any balance asserted by Plaintiff and to contest the calculations and/or computations employed to derive any alleged balance, or the sums included in such calculations and/or computations.

49. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff's claims are barred, in whole or in part, because Plaintiff hindered or prevented the Borrowers from performing, thus creating or inducing alleged defaults and/or preventing or denying cures.

50. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff's claims are barred, in whole or in part, by Plaintiff's assent or consent to acts or omissions which Plaintiff subsequently relied on to claim or assert default(s) and/or breach(es).

51. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

52. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

53. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff failed to perform and satisfy all conditions precedent to the recovery and/or relief Plaintiff seeks.

54. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff's claim for breach of contract is barred by Plaintiff's prior material breach of the contracts it seeks to enforce.

55. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff's claims are barred, in whole or in part, the doctrine of setoff.

56. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff's claims are barred, in whole or in part, by credits due to Borrowers and thus to Defendant.

57. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff abandoned the acceleration asserted in this lawsuit.

58. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff has failed to mitigate its alleged damages.

59. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense applicable statutory caps on damages, if any, for any and all claims asserted by Plaintiff.

60. In addition, in the alternative, and without waiving any other right or defense, Defendant asserts as a defense and/or as an affirmative defense that Plaintiff is not entitled to

recover attorney's fees because it failed to properly present its claims to Defendant and/or because such fees are not available for the declaratory relief Plaintiff seeks.

## III.
## RIGHT TO AMEND

61. Defendant reserves the right to amend this Answer at a later date as permitted by the Federal Rules of Civil Procedure and/or the Court.

## IV.
## REQUEST FOR RELIEF

***FOR THESE REASONS***, Defendant JERRY C. AYOUB *a/k/a* GERALD C. AYOUB respectfully prays that the Court will deny the relief sought by Plaintiff COREBRIDGE INSTITUTIONAL INVESTMENTS (U.S.), LLC *f/k/a* AIG ASSET MANAGEMENT (U.S.), LLC be denied, that Plaintiff take nothing by this suit, that Defendant recover his costs and such attorney's fees as may be permitted under applicable law, and that Defendant be awarded such further relief, general or special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**SCOTTHULSE** [PC]
One Jacinto Plaza
201 E. Main Street, Ste. 1100
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 Facsimile

By: */s/ Robert. R. Feuille*
**ROBERT R. FEUILLE**
Texas Bar No. 06949100
(*Admitted Pro Hac Vice*)
bfeu@scotthulse.com
**PATTERSON W. KEIM**
State Bar No. 24144149
(*Admitted Pro Hac Vice*)
pkei@scotthulse.com
*Attorneys for Defendant*
*Jerry C. Ayoub a/k/a Gerald C. Ayoub*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on April 16, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, that service was accomplished through the Notice of Electronic Filing on Filing Users, and that service was accomplished on any party or counsel who is not a Filing User by other means in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, and by email to:

Nicole Bronniman - nbronniman@kslaw.com
Jennifer S. Recine - jrecine@kslaw.com
David H. Kupfer - dkupfer@kslaw.com
KING & SPALDING, LLP
1100 Louisiana Street, Suite 4100
Houston, Texas 77002
*Attorneys for Plaintiff*

*/s/ Robert R. Feuille*
**ROBERT R. FEUILLE**