**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **COREBRIDGE INSTITUTIONAL INVESTMENTS (U.S.), LLC *f/k/a* AIG ASSET MANAGEMENT (U.S.) LLC,** | § | |
| ***Plaintiff*,** | § | |
| **v.** | § | **Case No. 4:26-cv-00046** |
| **JERRY C. AYOUB *a/k/a* GERALD C. AYOUB, an individual,** | § | |
| ***Defendant/Third-Party Plaintiff*** | § | |
| **v.** | § | |
| **AMERICAN GENERAL LIFE INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and SV 2022-1 COMMERCIAL MORTGAGE HOLDING COMPANY, LLC,** | § | |
| ***Third-Party Defendants*** | § | |

**DEFENDANT JERRY C. AYOUB'S 12(b)(1) MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

# TABLE OF CONTENTS

**I. INTRODUCTION....................................................................................................1**

**II. LEGAL STANDARD ...............................................................................................1**

**III. ARGUMENT & AUTHORITIES ...........................................................................2**

**A. Defendant is a Citizen of Texas..........................................................................2**

**B. Plaintiff is a Citizen of Texas..............................................................................3**

**C. Dismissal is Warranted .......................................................................................5**

**IV. REQUEST FOR RELIEF .......................................................................................5**

# TABLE OF AUTHORITIES

**Cases**

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006)....................2, 4

*Coury v. Prot*,
85 F.3d 244 (5th Cir. 1996) ....................2

*Gould, Inc. v. Pechiney Ugine Kuhlman*,
853 F.2d 445 (6th Cir. 1988) ....................2

*Harvey v. Grey Wolf Drilling Co.*,
542 F.3d 1077 (5th Cir.2008) ....................3

*Hertz Corp. v. Friend*
559 U.S. 77 (2010)....................3

*MidCap Media Fin. LLC v. Pathway Data, Inc*,
929 F.3d 310 (5th Cir. 2019) ....................3

*Moran v. Kingdom of Saudi Arabia*,
27 F.3d 169 (5th Cir. 1994) ....................2

*Ramming v. United States*,
281 F.3d 158 (5th Cir. 2001) ....................1

*Whalen v. Carter*,
954 F.2d 1087 (5th Cir.1992) ....................1

**Rules**

FED. R. CIV. 12(b) ....................1, 2, 4

**Statutes**

28 U.S.C. § 1332 ....................1, 3

**Other Authorities**

U.S. CONST. art. III, § 2 ....................1

TO THE HONORABLE ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

Defendant JERRY C. AYOUB *a/k/a* GERALD C. AYOUB ("**Defendant**") files this Motion to Dismiss Plaintiff's Original Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, and in support thereof would respectfully show the Court as follows:

## I. INTRODUCTION

1. Plaintiff COREBRIDGE INSTITUTIONAL INVESTMENTS (U.S.), LLC f/k/a AIG ASSET MANAGEMENT (U.S.), LLC ("**Plaintiff**") attempts to invoke this Court's jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. However, the evidence attached hereto establishes that both Plaintiff and Defendant are citizens of the State of Texas. Consequently, complete diversity does not exist, and this Court therefore lacks subject matter jurisdiction to adjudicate this lawsuit. Accordingly, the Court should dismiss this lawsuit pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

2. Federal courts are tribunals of limited subject matter jurisdiction and may only entertain a case that falls within the judicial power of Article III of the U.S. Constitution. U.S. CONST. art. III, § 2. Diversity jurisdiction is proper only when complete diversity exists between the parties and the amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

3. "Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v.*

*United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

4. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction . . .. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006).

5. A federal court must consider a motion to dismiss for lack of subject-matter jurisdiction "***before*** other challenges 'since the court must find jurisdiction before determining the validity of the claim.'" *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (emphasis added) (quoting *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988)).

## III.
## ARGUMENT & AUTHORITIES

### A. DEFENDANT IS A CITIZEN OF TEXAS

6. For purposes of diversity jurisdiction, an individual's citizenship is equal to his domicile. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). As the Fifth Circuit has explained:

> In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Id.* at 251.

7. The evidence attached hereto demonstrates that Defendant: (a) is registered to vote in Texas (**Ex. A**); (b) holds a Texas driver's license (**Ex. B**); (c) co-owns at least one parcel of real property in Texas in his individual capacity (**Ex. C**); (d) pays property taxes on the said parcel in his individual capacity (**Ex. D**); (e) indirectly owns numerous additional parcels of real property in Texas through business entities subject to his sole ownership (**Ex. E, Ex. F** [1]); and, (f) through such business entities pays millions of dollars in property taxes on such parcels (**Ex. G**). Collectively, these objective indicia demonstrate that Defendant is domiciled in and a citizen of Texas for purposes of diversity jurisdiction.

### B. PLAINTIFF IS A CITIZEN OF TEXAS

8. Plaintiff is a limited liability company, whose sole member is a corporation named "Corebridge Institutional Investments Holdings Corp." ("**Corebridge Holdings**"). (Docket # 3, 47). Plaintiff and Corebridge Holdings are both wholly owned by Corebridge Financial, Inc. (Docket # 3).

9. A limited liability company derives its citizenship through the citizenship of all of its members. *MidCap Media Fin. LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). A corporation is deemed a citizen of every state by which it has been incorporated ***and*** the state where it maintains its principal place of business. 28 U.S.C. § 1332. According to the U.S. Supreme Court, a corporation's principal place of business "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities," often referred to as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

---

[1] Defendant's ultimate ownership and control of the business entities owning real properties in Texas is established by the Affidavit of Gerald C. Ayoub, attached hereto as Exhibit "**F**".

10. Here, the recent Public Information Report ("**PIR**") filed with the Texas Secretary of State by Defendant's sole member, Corebridge Holdings, identifies Houston, Texas as the location of its principal place of business. (**Ex. H**). Corebridge Holdings's PIR further identifies mailing addresses in Houston, Texas for Corebridge Holdings' corporate officers, thereby demonstrating that such officers perform their executive functions in and from Houston, Texas. (**Ex. H**). In addition, the most recent PIR by Corebridge Financial, Inc., the parent of both Plaintiff and Corebridge Holdings, identifies Houston, Texas as the principal place of business of Corebridge Financial, Inc. (**Ex. I).** SEC filings by Corebridge Financial, Inc. further identify Houston, Texas as the location of Corebridge Financial, Inc.'s "principal executive office." (**Ex. J**). Corebridge Financial's own website declares that Corebridge Financial is "[h]eadquartered in Houston, Texas":




(**Ex. K**)[2] (emphasis added). (Presumably, the fact that Plaintiff, Plaintiff's sole member, and their parent are all headquartered in Houston, Texas explains why the Loan Agreements and Guaranty

[2] Ex. K can also be found at the following hyperlink: https://www.corebridgefinancial.com/contact-us/locations.

Agreements at issue not only include Texas choice of law provisions but also designate Houston, Texas as the mandatory venue for all legal proceedings. (See, e.g., **Ex. L at § 8, pp. 3-4**).)

11. It therefore clearly appears that Corebridge Holdings, the sole member of Plaintiff, is a citizen of the State of Texas. Consequently, Plaintiff is, *inter alia*, a citizen of the State of Texas for purposes of diversity jurisdiction.

**C. DISMISSAL IS WARRANTED**

12. Accordingly, because both Plaintiff and Defendant are citizens of Texas, complete diversity is lacking, therefore warranting dismissal of this case. *See Arbaugh* 546 U.S. at 514.

## IV.
## REQUEST FOR RELIEF

***FOR THESE REASONS,*** Defendant JERRY C. AYOUB *a/k/a* GERALD C. AYOUB respectfully requests that the Court grant this Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, and grant Defendant such other and further relief to which he may be justly entitled.

Respectfully submitted,

**SCOTTHULSE** PC
One Jacinto Plaza
201 E. Main Street, Ste. 1100
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 Facsimile

By: *___/s/ Robert. R. Feuille__*
**ROBERT R. FEUILLE**
Texas Bar No. 06949100
(*Admitted Pro Hac Vice*)
bfeu@scotthulse.com
**PATTERSON W. KEIM**
State Bar No. 24144149
(*Admitted Pro Hac Vice*)
pkei@scotthulse.com
*Attorneys for Defendant*
*Jerry C. Ayoub a/k/a Gerald C. Ayoub*

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Defendant submitted this Motion and Defendant's Motion to Refer this case to the Bankruptcy Court to Plaintiff's counsel on Friday, August 7, 2026, for consideration. Plaintiff's counsel advised that he would consider Defendant's position and get back to Defendant's counsel. On August 21, 2026, Plaintiff's counsel advised that Plaintiff is opposed to the Motion.

*/s/ Robert R. Feuille*
**ROBERT R. FEUILLE**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 21st day of August, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, that service was accomplished through the Notice of Electronic Filing on Filing Users, and that service was accomplished on any party or counsel who is not a Filing User by other means in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, and by email to:

Nicole Bronnimann -nbronnimann@kslaw.com
Jennifer S. Recine - jrecine@kslaw.com
David H. Kupfer - dkupfer@kslaw.com
KING & SPALDING, LLP
1100 Louisiana Street, Suite 4100
Houston, Texas 77002
*Attorneys for Plaintiff*

*/s/ Robert R. Feuille*
**ROBERT R. FEUILLE**